BURCH (BURR v.). See Case No. 2,187.

---

## Case No. 2,139.

### BURCH v. DOWLING.

[5 Cranch, C. C. 646.] [1]

Circuit Court, District of Columbia. March Term, 1840.

REPLEVIN—ACTION ON BOND—PROOF.

Upon a replevin bond, the plaintiff may recover, although there has been no judgment for a return of the property; but the plaintiff must show that he has sustained damage by the plaintiff in replevin not prosecuting his writ with effect.

Debt on replevin bond, for not prosecuting the writ with effect, for not returning the property, and for not paying the costs. The plaintiff, [Fielder] Burch, was a constable, and had taken certain goods in execution to satisfy a debt due by —— to ——. They were replevied by one Isabella Martin, who, with the defendant [William Dowling] and another, executed the bond, in the penalty of $75, for which this suit was brought. Both parties appeared at the return of the writ of replevin, and, the defendant having laid a rule on the plaintiff to declare by the rule-day, the cause was continued until the next term, (namely, March term, 1838,) when the plaintiff was non-pross'd on the rule, and judgment was rendered against the plaintiff for costs, but no judgment was entered up for a return of the property, nor any avowry or suggestion for a return filed by the defendant. Whereupon, the present suit was brought, and the breaches assigned are, that the plaintiff in replevin did not prosecute her writ with effect, did not return the goods, and did not pay the costs.

Mr. Hoban, for defendant, contended that the plaintiff could not recover without showing a judgment for a return, and prayed the court so to instruct the jury; and cited 7 Wheeler [Cr. Cas.] 594; Moore v. Shield [Case No. 9,775].

Mr. Bradley, for plaintiff, cited Smith v. Hazel [Id. 13,055]; McDaniel v. Fish [Id. 8,-744]; Dias v. Freeman, 5 Term R. 195; 7 Wheeler [Cr. Cas.] 569.

THE COURT (THRUSTON, Circuit Judge, absent) refused to instruct the jury as prayed by Mr. Hoban.

Mr. Bradley then contended that the plaintiff was entitled to recover the whole amount of the debt mentioned in the execution, whatever might be the value of the goods seized; or that the presumption is that the officer took enough to satisfy the debt, and casts the burden of proof on the defendant to show the contrary. 11 Geo. II. c. 19.

But THE COURT said that the plaintiff must show that he sustained damages by the plaintiff's not prosecuting her replevin with effect; and must show the amount of his damages. Verdict for the plaintiff, $43.13.

---

BURCH (GITTINGS v.). See Case No. 5,464.

BURCH (NICHOLS v.). See Case No. 10,240.

---

## Case No. 2,140.

### BURCH et al. v. SPAULDING.

[2 Cranch, C. C. 422.] [1]

Circuit Court, District of Columbia. Oct. Term, 1823.

WITNESS—DISQUALIFICATION FOR INTEREST—EVIDENCE OF MONEY PAID—CHECK PAYABLE TO BEARER.

1. It is no disqualification of the plaintiff's witness, that he is a surety in the plaintiff's administration-bond.

2. Bank-checks, drawn by the plaintiff, payable to bearer, and paid by the bank, are not, of themselves, evidence of money paid to the defendant.

[Followed in Boyd v. Wilson, Case No. 1,751.]

At law. This was an action [by Samuel Burch and others] to recover money overpaid by the plaintiffs' intestate, who was clerk of the house of representatives of the United States, to the defendant's intestate, who was one of the officers of the house. The plaintiffs offered to examine Benjamin Burch as a witness. The defendant [R. Spaulding] objected that he was interested, being one of the sureties of the plaintiffs in their administration-bond, and also a surety in Dougherty's official bond as clerk of the house, so that whatever the plaintiffs would recover in this action would increase the assets of his estate, which was largely indebted to the United States.

THE COURT (MORSELL, Circuit Judge, absent) overruled the objection.

The plaintiff offered in evidence sundry checks drawn by Dougherty, as clerk of the house, in favor of Spaulding, or bearer, which were paid by the bank, and charged to Dougherty in his account with the bank.

But THE COURT (THRUSTON, Circuit Judge, contra) decided that the checks were not evidence to the jury of payment of money to Spaulding.

NOTE [from original report]. Motion for a new trial overruled at December term, 1824.

---

BURCH (UNITED STATES v.). See Cases Nos. 14,682 and 14,683.

BURCHAN (HARRIS v.). See Case No. 6,-117.

BURCHELL (BEALE v.). See Case No. 1,-157.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]